UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIO D. HALL (#512895)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 11-670-JJB-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 1, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIO D. HALL (#512895)

VERSUS                                                    CIVIL ACTION

BURL CAIN, ET AL                                          NUMBER 11-670-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain and the Louisiana State Penitentiary. Plaintiff alleged that he was issued a false disciplinary report and was denied due process at a disciplinary board hearing in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful,

fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on August 1, 2011, officer Jeffery Franklin issued him a false disciplinary report for aggravated work offense. Plaintiff alleged that prior to being issued the disciplinary report he told several officers that he needed work related items.

Plaintiff alleged that on August 3, 2011, he was found guilty of the disciplinary infraction at disciplinary board hearing and was sentenced to Camp J. Plaintiff alleged that he was denied due process at the disciplinary board hearing.

In *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court noted that in some rare situations, an inmate is entitled to Due Process because the State action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force.[1] Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). It is those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. Thus, while *Sandin* made it clear that punishments which impact upon the

---

[1] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

duration of confinement, or which exceed the sentence in an unexpected manner, or which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. Thus, the plaintiff's sentence to Camp J did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

Plaintiff named Louisiana State Penitentiary as a defendant. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts

causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on December 1, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**